UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Angel Alomar,

                              Petitioner,

       *- against -*

William Lee, Superintendent Green Haven
Correctional Facility,

                              Respondent.

09 Civ. 8534 (NSR)(LMS)

**REPORT AND
RECOMMENDATION**

TO: THE HONORABLE NELSON S. ROMÁN, U.S.D.J.

On October 7, 2009, *Pro se* Petitioner Angel Alomar filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and one count of reckless endangerment in the first degree. Docket # 1 ("Petition"). On April 20, 2010, the Court granted Petitioner's request for a stay of his habeas proceeding so that he could exhaust an ineffective assistance of counsel claim raised in a pending § 440.10 motion. Docket # 18. By letter dated November 25, 2013, a copy of which is attached hereto, Respondent informed the Court that Petitioner died while incarcerated on September 17, 2013. A copy of records from the New York State Department of Corrections and Community Supervision appended to Respondent's letter confirms the death. In light of Petitioner's death, Respondent moves to lift the stay and dismiss the Petition as moot.

This Court agrees that the Petition has been rendered moot by Petitioner's death. See, e.g., Zaker v. Artus, No. 04-CV-886A, 2007 WL 1521621 (W.D.N.Y. May 22, 2007) ("Because petitioner's death means that there is no relief that this Court can grant to him, his petition for a writ of habeas corpus has been rendered moot.") (citations omitted). Accordingly, I conclude,

and respectfully recommend that Your Honor should conclude, that Respondent's motion should be granted, and the Petition should be dismissed.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the instant Petition should be dismissed as moot based on Petitioner's death.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson S. Román, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

Dated: December 11, 2013
       White Plains, NY

                          Respectfully submitted,

                          Lisa Margaret Smith
                          United States Magistrate Judge
                          Southern District of New York

Copies of the foregoing Report and Recommendation have been mailed to the following:

The Honorable Nelson S. Román

Angel Alomar
06-A-2839
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, NY 12953

Andrew R. Kass, Esq.
Orange County District Attorney's Office
Local Criminal Court Unit
18 Seward Avenue
Middletown, NY 10940

OFFICE OF THE
# ORANGE COUNTY DISTRICT ATTORNEY

LOCAL CRIMINAL COURT UNIT
18 SEWARD AVENUE, MIDDLETOWN, NEW YORK 10940
TEL: 845-615-3640 • FAX: 845-346-1189
www.orangecountygov.com



**FRANCIS D. PHILLIPS II**
*District Attorney*

**RICHARD E. RUGGERI**
*Chief Assistant District Attorney*

November 25, 2013

Hon. Lisa Margaret Smith
United States District Court
300 Quarropas Street
White Plains, New York  10601



RECEIVED
NOV 2 7 2013
HON. LISA MARGARET SMITH
U.S.M.J.

   Re: Angel Alomar v Lee
     2009 Civ. 08534 (NSR)(LMS)
Your Honor,

   As the Court is aware, petitioner's pro se proceeding was stayed in April, 2010 to afford him the opportunity to litigate an additional claim in the state courts.  More recently, the Appellate Division granted leave to appeal from the partial denial of his motion to vacate judgment, and it was expected that petitioner would file a brief relative to that appeal.

   Last week, the District Attorney's Office was advised by counsel, who was assigned by the Appellate Division to represent petitioner on that appeal, that petitioner died while serving his sentence.  Records maintained by the New York State Department of Corrections and Community Service confirm that petitioner died on September 17, 2013 (see attached).

   Accordingly, Respondent respectfully moves to lift the stay and to dismiss the petition as moot (see Sacco v United States  Parole Commission, 07 Cv 0078 (NAM), 2008 WL 4426585 [NDNY 2008]; Rivera v Pearlman, NO. 02 Civ 2399 (LAK), 2004 WL 533333 [SDNY Mar 16, 2004]).

           Very truly yours,

           FRANCIS D. PHILLIPS, II
           DISTRICT ATTORNEY

           ANDREW R. KASS
           Executive Assistant District Attorney
           (AK-0470)

cc:  Mary Zugibe-Raleigh, Esq.

New York ◣ State    ≡ State Agencies    ⊞ Search all of NY.gov

Skip to Content

# Department of Corrections and Community Supervision

## Inmate Information

Inmate Information Data Definitions are provided for most of the elements listed below. When a detailed definition is available for a specific element, you may click on the element's label to view it.

### Identifying and Location Information
### As of 11/25/13

| | |
|---|---|
| **DIN (Department Identification Number)** | 06A2839 |
| **Inmate Name** | ALOMAR, ANGEL |
| **Sex** | MALE |
| **Date of Birth** | 12/13/1969 |
| **Race / Ethnicity** | BLACK/HISPANIC |
| **Custody Status** | DISCHARGED |
| **Housing / Releasing Facility** | UPSTATE |
| **Date Received (Original)** | 05/24/2006 |
| **Date Received (Current)** | 05/24/2006 |
| **Admission Type** | |
| **County of Commitment** | ORANGE |
| **Latest Release Date / Type (Released Inmates Only)** | 09/17/13 DECEASED |

### Crimes of Conviction
If all 4 crime fields contain data, there
may be additional crimes not shown here.
In this case, the crimes shown here are
those with the longest sentences.
### As of 11/25/13

| Crime | Class |
|---|---|
| CRIM POSS WEAP 2ND | C |
| CRIM POSS WEAP 3RD SUB 4-8 VFO | D |
| RECKLESS ENDANGERMENT 1ST | D |
| | |

### Sentence Terms and Release Dates
Under certain circumstances, an inmate may be released prior to serving his or
her minimum term and before the earliest release date shown for the inmate.
### As of 11/25/13

| | |
|---|---|
| **Aggregate Minimum Sentence** | 0028 Years, 06 Months, 00 Days |

| | |
|---|---|
| **Aggregate Maximum Sentence** | LIFE Years, 99 Months, 99 Days |
| **Earliest Release Date** | |
| **Earliest Release Type** | |
| **Parole Hearing Date** | 10/2033 |
| **Parole Hearing Type** | INITIAL RELEASE APPEARANCE |
| **Parole Eligibility Date** | 02/12/2034 |
| **Conditional Release Date** | NONE |
| **Maximum Expiration Date** | LIFE |
| **Maximum Expiration Date for Parole Supervision** | |
| **Post Release Supervision Maximum Expiration Date** | |
| **Parole Board Discharge Date** | |