UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Angel Alomar,

       Petitioner,

                                                               09 Civ. 8534 (NSR)

       - against -                        **Order**

William Lee, Superintendent Green Haven
Correctional Facility,

       Respondent.
-------------------------------------------------------X

**NELSON S. ROMÁN, United States District Judge:**

       Before the Court is Magistrate Judge Smith's Report and Recommendation (the "Report"), dated December 11, 2013, on petitioner Angel Alomar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, from his conviction for one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and one count of reckless endangerment in the first degree. Judge Smith recommended that the Court deny the petition. *Id.*

       In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.; see also* Fed.R.Civ.P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see*

*also United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F.Supp.2d 804, 811 (S.D.N.Y.2008).

In the present case, the Report advised the parties that they had seventeen days from service of the Report to file and serve written objections, and warned the parties that failure to timely object would preclude appellate review of any order of judgment in this case. Report 2. In addition, the Report expressly directed the parties' attention to 28 U.S.C. § 636(b)(1)(B) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure. *Id.* Objections to the Report were due by December 30, 2013. *See* Doc. 23. However, as of the date of this Order, no objections have been filed and no requests for an extension of time to object have been made. Accordingly, Petitioner has waived the right to object to the Report, or to obtain appellate review. *See Caidor v. Onondaga Cnty.,* 516 F.3d 601, 604 (2d Cir. 2008); *see also Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992).

Despite Petitioner's failure to object to the Report, the Court has reviewed Judge Smith's Report and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the Report in its entirety, and Petitioner's petition for a writ of habeas corpus is DENIED.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *Love v. McCray,* 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is

denied. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to close this case.

It is SO ORDERED.


Dated: December 30, 2013
      White Plains, New York

SO ORDERED:

_____ 12/30/13
NELSON S. ROMÁN
United States District Judge